1  ALAN R. BRAYTON, ESQ., S.B. #73685
   DAVID R. DONADIO, ESQ., S.B. #154436
2  BRAYTON❖PURCELL LLP
   Attorneys at Law
3  222 Rush Landing Road
   P.O. Box 6169
4  Novato, California 94948-6169
   (415) 898-1555
5  (415) 898-1247 (Fax No.)

6  Attorneys for Plaintiffs

7

8                  THE UNITED STATES DISTRICT COURT

9           FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                     SAN FRANCISCO DIVISION

11

12 RANDALL KASH and GEORGE          )    No. C05-4085-CRB
   COURIS,                          )
13                                  )
              Plaintiffs,           )    COMPLAINT FOR ASBESTOS
14                                  )    PERSONAL INJURY/ PRODUCTS
   vs.                             )    LIABILITY;
15                                  )
   VIAD CORP.; GENERAL ELECTRIC     )    DEMAND FOR JURY TRIAL
   COMPANY; and DOES 1-300,         )
16                                  )    CERTIFICATION OF INTERESTED
              Defendants.           )    ENTITIES OR PERSONS
17                                  )

18

19                               I.

20                            PARTIES

21       1.    Plaintiffs in this action are individuals who have sustained asbestos-related lung

22 injuries as a result of their inhalation of asbestos fibers through their occupational exposure to

23 asbestos.

24       2.    Each of these individuals sustained an asbestos-related lung disease by precisely

25 the same mechanism: the inhalation of asbestos fibers released during the handling of asbestos-

26 containing products at their jobsites. The pathogenesis of each plaintiffs' asbestos-related

27 diseases is explained on **Exhibit A**, attached to plaintiff's complaint and incorporated by

28 reference herein.

3.    All of plaintiffs' claims arise out of a similar series of occurrences:  repeated exposure to asbestos-containing products manufactured, distributed, and/or sold by defendants and supplied to, installed and/or maintained by defendants at plaintiffs' worksites, over a period of years, caused from release of toxic asbestos fibers and subsequent inhalation by the plaintiffs, resulting in cumulative, progressive, incurable lung diseases.

4.    Each plaintiff claims damages for an asbestos-related disease arising from an identical series of occurrences not dependent on each individual plaintiff's worksite but on the fact that asbestos-containing products, when handled in the manner in which they were intended, released harmful asbestos fibers which when inhaled by plaintiffs, caused serious lung disease. The allegations of plaintiffs regarding the nature of their asbestos-related diseases, the nature of asbestos; the propensity of asbestos to cause disease, the criteria for diagnosis of disease, are all identical. As used herein, plaintiffs shall mean the above-captioned asbestos-injured plaintiffs.

5.    The true names and capacities, whether individual, corporate, associate, governmental or otherwise, of defendants DOES 1 through 300, are unknown to plaintiffs at this time, who therefore sues said defendants by such fictitious names.  When the true names and capacities of said defendants have been ascertained, plaintiffs will amend this complaint accordingly.  Plaintiffs are informed and believe, and thereon allege, that each defendant designated herein as a DOE is responsible, negligently or in some other actionable manner, for the events and happenings hereinafter referred to, and caused injuries and damages thereby to the plaintiffs, as hereinafter alleged.

6.    Plaintiffs are informed and believe, and thereon allege that at all times herein mentioned, defendants and DOES 1 through 300, inclusive, were and are corporations, partnerships, unincorporated associations, sole proprietorships and/or other business entities organized and existing under and by virtue of the laws of the State of California, or the laws of some other state or foreign jurisdiction, and that said defendants, and each of them, were and are authorized to do and are doing business in the State of California, and that said defendants have regularly conducted business in the County of San Francisco, State of California.

//

## II.

## JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT

7.   <u>Jurisdiction</u>:   Plaintiff RANDALL KASH is a citizen of the State of California. Plaintiff GEORGE COURIS is a citizen of the State of Massachusetts.   Defendant VIAD CORP. is a  corporation incorporated under the laws of Delaware, and having its principal places of business in Arizona.  Defendant GENERAL ELECTRIC COMPANY is a  corporation incorporated under the laws of and having its principal places of business in Connecticut.

This Court has original jurisdiction under 25 USC § 1332, in that it is a civil action between citizens of different states in which the matter in controversy exceeds, exclusive of costs and interest, seventy-five thousand dollars.

8.   <u>Venue / Intradistrict Assignment</u>.   Venue is proper in the Northern District of California and assignment to the San Francisco Division of said district is proper as a substantial part of the events or omissions which give rise to the claims asserted by plaintiffs herein occurred  within the County of San Francisco, California, and all of the defendants are subject to personal jurisdiction in this district at the time the action is commenced.

## III.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
(Negligence)

PLAINTIFF RANDALL KASH COMPLAINS OF DEFENDANTS  DEFENDANT GENERAL ELECTRIC COMPANY,  DOES 1-300, THEIR "ALTERNATE ENTITIES," AND EACH OF THEM;  PLAINTIFF GEORGE COURIS, COMPLAINS OF DEFENDANTS VIAD CORP. AND  GENERAL ELECTRIC COMPANY,  DOES 1-300, THEIR "ALTERNATE ENTITIES," AND EACH OF THEM; AND ALL PLAINTIFFS FOR A CAUSE OF ACTION FOR NEGLIGENCE ALLEGE:

9.   At all times herein mentioned, each of the named defendants and DOES 1 through 300 was the successor, successor in business, successor in product line or a portion thereof, assign, predecessor, predecessor in business, predecessor in product line or a portion thereof, parent, holding company, affiliate, venturer, co-venturer, subsidiary, wholly or partially owned

1  by, or the whole or partial owner of or member in an entity researching, studying, manufacturing,

2  fabricating, designing, modifying, labeling, assembling, distributing, leasing, buying, offering

3  for sale, supplying, selling, inspecting, testing, authorizing, approving, certifying, facilitating,

4  promoting, representing, endorsing servicing, installing, contracting for installation,

5  repairing,marketing, warranting, rebranding, manufacturing for others, packaging, specifying,

6  requiring, mandating, or otherwise directing and/or facilitating the use of, or advertising a certain

7  product, namely asbestos, and/or other products containing asbestos. Said entities shall

8  hereinafter collectively be called ALTERNATE ENTITIES. Each of the herein named

9  defendants is liable for the tortious conduct of each successor, successor in business, successor in

10  product line or a portion thereof, assign, predecessor in product line or a portion thereof, parent,

11  holding

12  company, affiliate, venturer, co-venturer, subsidiary, whole or partial owner, or wholly or

13  partially owned entity, or entity that it was a member of, or funded, that researched, studied,

14  manufactured, fabricated, designed, modified, labeled, assembled, distributed, leased, bought,

15  offered for sale, supplied, sold, inspected, serviced, installed, contracted for installation,

16  repaired, marketed, warranted, rebranded, manufactured for others and advertised a certain

17  product, namely asbestos, and other products containing asbestos. The following defendants,

18  and each of them, are liable for the acts of each and every ALTERNATE ENTITY, and each of

19  them, in that there has been a virtual destruction of plaintiff's remedy against each such

20  ALTERNATE ENTITY; defendants, and each of them, have acquired the assets, product line, or

21  a portion thereof, of each such ALTERNATE ENTITY; defendants, and each of them, caused

22  the destruction of plaintiff's remedy against each such ALTERNATE ENTITY; each such

23  defendant has the ability to assume the risk-spreading role of each such ALTERNATE ENTITY;

24  and that each such defendant enjoys  the goodwill originally attached to each such

25  ALTERNATE ENTITY:

26  DEFENDANT                              ALTERNATE ENTITY

27  VIAD CORP.                             ARMOUR AND COMPANY
                                          ARMOUR & CO.
28                                        ARMOUR & COMPANY
                                          THE GREYHOUND CORPORATION

| | |
|---|---|
| | G. ARMOUR ARIZONA COMPANY |
| | ARIZONA DIAL |
| | 111 CORPORATION |
| | BALDWIN LOCOMOTIVES |
| | BALDWIN LOCOMOTIVE WORKS |
| | LIMA-HAMILTON CORPORATION |
| | LIMA LOCOMOTIVE WORKS |
| | BALDWIN-LIMA-HAMILTON CORPORATION |
| | BALDWIN-LESSING-HAMILTON |
| | THE MIDVALE COMPANY |
| | THE DIAL CORPORATION |
| | THE NEW DIAL CORP. |
| | ALSTOM POWER, INC. |
| | ECOLAIRE HEAT TRANSFER, INC, HEAT |
| |     EXCHANGE DIVISION |
| | ALSTOM HEAT EXCHANGE DIVISION |
| | GRISCOM-RUSSELL COMPANY |
| GENERAL ELECTRIC COMPANY | MATTERN X-RAY |
| | HOTPOINT ELECTRIC APPLIANCE COMPANY LIMITED |
| | TRUMBULL ELECTRIC MANUFACTURING COMPANY |
| | G E INDUSTRIAL SYSTEMS |

10.     At all times herein mentioned, defendants, their ALTERNATE ENTITIES, and each of them, were and are engaged in the business of researching, manufacturing, fabricating, designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, endorsing, testing, authorizing, approving, certifying, facilitating, promoting, representing, servicing, installing, contracting for installation, repairing, marketing, warranting, rebranding, manufacturing for others, packaging, specifying, requiring, mandating, or otherwise directing and/or facilitating the use of, or advertising a certain product, namely asbestos and other products containing asbestos.

11.     At all times herein mentioned, defendants, their ALTERNATE ENTITIES and each of them, singularly and jointly, negligently, and carelessly researched, manufactured, fabricated, designed, modified, tested or failed to test, abated or failed to abate, warned or failed to warn of the health hazards, labeled, assembled, distributed, leased, bought, offered for sale, supplied, sold, inspected, serviced, authorized, approved, certified, facilitated, promoted, installed, represented, endorsed, contracted for installation of, repaired, marketed, warranted, rebranded, manufactured for others, packaged and advertised, a certain product, namely asbestos, and other products containing asbestos, in that said products caused personal injuries to users,

1  consumers, workers, bystanders and others, including the plaintiff herein, (hereinafter

2  collectively called "exposed persons"), while being used in a manner that was reasonably

3  foreseeable, thereby rendering said products hazardous, unsafe and dangerous for use by

4  "exposed persons".

5         12.     Defendants,  their ALTERNATE ENTITIES, and each of them, had a duty to

6  exercise due care in the pursuance of the activities mentioned above and defendants, and each of

7  them, breached said duty of due care.

8         13.     Defendants, their ALTERNATE ENTITIES and each of them, knew, or should

9  have known, and intended that the aforementioned asbestos and products containing asbestos

10  and related products and equipment, would be transported by truck, rail, ship, and other common

11  carriers, that in the shipping process the products would break, crumble, or be otherwise

12  damaged; and/or that such products would be used for insulation, construction, plastering,

13  fireproofing, soundproofing, automotive, aircraft and/or other applications, including, but not

14  limited to unpacking, preparing, using, sawing, drilling, chipping, hammering, scraping, sanding,

15  breaking, removing, maintaining, inspecting, "rip-out", and other manipulation, resulting in the

16  release of airborne asbestos fibers, and that through such foreseeable use and/or handling

17  "exposed persons", including plaintiff herein, would use or be in proximity to and exposed to

18  said asbestos fibers, which contaminated the packaging, products, environment, and clothing of

19  persons working in proximity to said products, directly or through reentrainment.

20         14.     Plaintiffs have used, handled, or been otherwise exposed to asbestos and

21  asbestos-containing products referred to herein in a manner that was reasonably foreseeable.

22  Plaintiffs' exposure to asbestos and asbestos-containing products is on current information as set

23  forth at various locations and circumstances in **Exhibit A**, attached to plaintiff's complaint and

24  incorporated by reference herein.

25         15.     As a direct and proximate result of the acts, omissions, and conduct of the

26  defendants, their ALTERNATE ENTITIES, and each of them, as aforesaid, plaintiffs' exposure

27  to asbestos and asbestos-containing products caused severe and permanent injury, damage, loss,

28  or harm to the plaintiff as set forth in **Exhibit A,** attached to plaintiffs' complaint and

1    incorporated by reference herein.

2         16.    Plaintiffs are informed and believe, and thereon allege, that progressive lung

3    disease, cancer, and other serious diseases are caused by inhalation or ingestion of asbestos

4    fibers without perceptible trauma and that said injury, damage, loss, or harm results from

5    exposure to asbestos and asbestos-containing products over a period of time.

6         17.    Plaintiffs each suffer from a condition related to exposure to asbestos and

7    asbestos-containing products. Plaintiffs are not aware at the time of exposure that asbestos or

8    asbestos-containing products presented risk of injury and/or disease.

9         18.    As a direct and proximate result of the aforesaid conduct of defendants, their

10   ALTERNATE ENTITIES, and each of them, plaintiffs have suffered, and continue to suffer,

11   permanent injuries and/or future increased risk of injuries to their persons, body and health,

12   including, but not limited to, asbestosis, other lung damage, and cancer, and the mental and

13   emotional distress attendant thereto, from the effect of exposure to asbestos fibers, all to their

14   general damage.

15        19.    As a direct and proximate result of the aforesaid conduct of the defendants, their

16   "alternate entities," and each of them, plaintiffs have incurred, are presently incurring, and will

17   incur in the future, liability for physicians, surgeons, nurses, hospital care, medicine, hospices, x-

18   rays and other medical treatment, the true and exact amount thereof being unknown to plaintiffs

19   at this time, and plaintiffs pray leave to amend this complaint accordingly when the true and

20   exact cost thereof is ascertained.

21        20.    As a further direct and proximate result of the said conduct of the defendants,

22   their "alternate entities," and each of them, plaintiffs have incurred pecuniary losses, the full

23   nature and extent of which are not yet known to plaintiffs; and leave is requested to amend this

24   complaint to conform to proof at the time of trial.

25        21.    Defendants, their ALTERNATE ENTITIES, and each of them, and their officers,

26   directors and managing agents participated in, authorized, expressly and impliedly ratified, and

27   had full knowledge of, or should have known of, each of the acts set forth herein.

28        22.    Defendants, their "alternate entities," and each of them, are liable for the

1  fraudulent, oppressive, and malicious acts of their ALTERNATE ENTITIES, and each of them,

2  and each defendant's officers, directors and managing agents participated in, authorized,

3  expressly and impliedly ratified, and had full knowledge of, or should have known of, the acts of

4  each of their ALTERNATE ENTITIES as set forth herein.

5      23.    The herein-described conduct of said defendants, their ALTERNATE ENTITIES,

6  and each of them, was and is willful, malicious, fraudulent, outrageous and in conscious

7  disregard and indifference to the safety and health of "exposed persons".  Plaintiffs, for the sake

8  of example and by way of punishing said defendants, seek punitive damages according to proof.

9      WHEREFORE, plaintiffs pray judgment against defendants, their "alternate entities,"

10  and each of them, as hereinafter set forth.

11                    SECOND CAUSE OF ACTION
                          (Products Liability)

12     AS AND FOR A SECOND, SEPARATE, FURTHER AND DISTINCT CAUSE OF

13  ACTION FOR PRODUCTS LIABILITY, PLAINTIFFS COMPLAIN AS FOLLOWS:

14  PLAINTIFF RANDALL KASH COMPLAINS OF DEFENDANTS  DEFENDANT GENERAL

15  ELECTRIC COMPANY,  DOES 1-300, THEIR "ALTERNATE ENTITIES," AND EACH OF

16  THEM;  PLAINTIFF GEORGE COURIS, COMPLAINS OF DEFENDANTS VIAD CORP.

17  AND  GENERAL ELECTRIC COMPANY,  DOES 1-300, THEIR "ALTERNATE ENTITIES,"

18  AND EACH OF THEM;

19     24.    Plaintiffs incorporate herein by reference, as though fully set forth herein, the

20  allegations contained in each paragraph of the First Cause of Action herein.

21     25.    Defendants, their ALTERNATE ENTITIES, and each of them, knew and

22  intended that the above-referenced asbestos and asbestos-containing products would be used by

23  the purchaser or user without inspection for defects therein or in any of their component parts

24  and without knowledge of the hazards involved in such use.

25     26.    Said asbestos and asbestos-containing products were defective and unsafe for

26  their intended purpose in that the inhalation of asbestos fibers causes serious disease and/or

27  death.  The defect existed in the said products at the time they left the possession of defendants,

28  their "alternate entities," and each of them.  Said products did, in fact, cause personal injuries,

1   including asbestosis, other lung damage, and cancer to "exposed persons", including plaintiffs

2   herein, while being used in a reasonably foreseeable manner, thereby rendering the same

3   defective, unsafe and dangerous for use.

4        27.    "Exposed persons" did not know of the substantial danger of using said products.

5   Said dangers were not readily recognizable by "exposed persons".  Said defendants, their

6   ALTERNATE ENTITIES, and each of them, further failed to adequately warn of the risks to

7   which plaintiffs and others similarly situated were exposed.

8        28.    In researching, manufacturing, fabricating, designing, modifying, testing or

9   failing to test, warning or failing to warn, labeling, assembling, distributing, leasing, buying,

10   offering for sale, supplying, selling, inspecting, servicing, installing, contracting for installation,

11   repairing, marketing, warranting, rebranding, manufacturing for others, packaging and

12   advertising asbestos and asbestos-containing products, defendants, their ALTERNATE

13   ENTITIES, and each of them, did so with conscious disregard for the safety of "exposed

14   persons" who came in contact with said asbestos and asbestos-containing products, in that said

15   defendants, their ALTERNATE ENTITIES, and each of them, had prior knowledge that there

16   was a substantial risk of injury or death resulting from exposure to asbestos or asbestos-

17   containing products, including, but not limited to, asbestosis, other lung damages and cancer.

18   Said knowledge was obtained, in part, from scientific studies performed by, at the request of, or

19   with the assistance of, said defendants, their ALTERNATE ENTITIES, and each of them, and

20   which knowledge was obtained by said defendants, their ALTERNATE ENTITIES, and each of

21   them on or before 1930, and thereafter.

22        29.    On or before 1930, and thereafter, said defendants, their ALTERNATE

23   ENTITIES and each of them, were aware that members of the general public and other "exposed

24   persons", who would come in contact with their asbestos and asbestos-containing products, had

25   no knowledge or information indicating that asbestos or asbestos-containing products could

26   cause injury, and said defendants, their ALTERNATE ENTITIES, and each of them, knew that

27   members of the general public and other "exposed persons", who came in contact with asbestos

28   and asbestos-containing products, would assume, and in fact did assume, that exposure to

1   asbestos and asbestos-containing products was safe, when in fact said exposure was extremely

2   hazardous to health and human life.

3        30.    With said knowledge, said defendants, their ALTERNATE ENTITIES, and each

4   of them, opted to research, manufacture, fabricate, design, modify, label, assemble, distribute,

5   lease, buy, offer for sale, supply, sell, inspect, service, install, contract for installation, repair,

6   market, warrant, rebrand, manufacture for others, package and advertise said asbestos and

7   asbestos-containing products without attempting to protect "exposed persons" from or warn

8   "exposed persons" of, the high risk of injury or death resulting from exposure to asbestos and

9   asbestos-containing products.  Rather than attempting to protect "exposed persons" from, or

10  warn "exposed persons" of, the high risk of injury or death resulting from exposure to asbestos

11  and asbestos-containing products, defendants, their ALTERNATE ENTITIES, and each of them,

12  intentionally failed to reveal their knowledge of said risk, and consciously and actively

13  concealed and suppressed said knowledge from "exposed persons" and members of the general

14  public, thus impliedly representing to "exposed persons" and members of the general public that

15  asbestos and asbestos-containing products were safe for all reasonably foreseeable uses.

16  Defendants, their ALTERNATE ENTITIES, and each of them, engaged in this conduct and

17  made these implied representations with the knowledge of the falsity of said implied

18  representations.

19       31.    The above-referenced conduct of said defendants, their ALTERNATE

20  ENTITIES, and each of them, was motivated by the financial interest of said defendants, their

21  ALTERNATE ENTITIES, and each of them, in the continuing, uninterrupted research, design,

22  modification, manufacture, fabrication, labeling, assembly, distribution, lease, purchase, offer for

23  sale, supply, sale, inspection, installation, contracting for installation, repair, marketing,

24  warranting, rebranding, manufacturing for others, packaging and advertising of asbestos and

25  asbestos-containing products.  In pursuance of said financial motivation, said defendants, their

26  ALTERNATE ENTITIES, and each of them, consciously disregarded the safety of "exposed

27  persons"  and in fact were consciously willing and intended to permit asbestos and asbestos-

28  containing products to cause injury to "exposed persons" and induced persons to work with and

1   be exposed thereto, including plaintiffs.

2       32.    Plaintiffs allege that the aforementioned defendants, their ALTERNATE

3   ENTITIES, and each of them impliedly warranted their asbestos and asbestos-containing

4   products to be safe for their intended use but that their asbestos and asbestos-containing

5   products, created an unreasonable risk of bodily harm to exposed persons.

6       33.    Plaintiffs further allege their injuries are a result of cumulative exposure to

7   asbestos and various asbestos-containing products manufactured, fabricated, inadequately

8   researched, designed, modified, inadequately tested, labeled, assembled, distributed, leased,

9   bought, offered for sale, supplied, sold, inspected, serviced, installed, contracted for installation,

10  repaired, marketed, warranted, rebranded, manufactured for others, packaged and advertised by

11  the aforementioned defendants, their ALTERNATE ENTITIES, and each of them and that

12  plaintiffs cannot identify precisely which asbestos or asbestos-containing products caused the

13  injuries complained of herein.

14      34.    Plaintiffs relied upon defendants', their "alternate entities'", and each of their

15  representations, lack of warnings, and implied warranties of fitness of asbestos and their

16  asbestos-containing products.  As a direct, foreseeable and proximate result thereof, plaintiffs

17  have been injured permanently as alleged herein.

18      35.    As a direct and proximate result of the actions and conduct outlined herein,

19  plaintiffs have suffered the injuries and damages previously alleged.

20      WHEREFORE, plaintiffs pray judgment against defendants, their ALTERNATE

21  ENTITIES, and each of them, as hereinafter set forth.

22                              **IV.**

23                            **PRAYER**

24      WHEREFORE, plaintiffs pray judgment against defendants, their ALTERNATE

25  ENTITIES, and each of them in an amount to be proved at trial in each individual case, as

26  follows:

27      (a)    For plaintiffs' general damages according to proof;

28      (b)    For plaintiffs' loss of income, wages and earning potential according to proof;

1       (c)      For plaintiffs' medical and related expenses according to proof;

2       (d)      For plaintiffs' cost of suit herein;

3       (e)      For exemplary or punitive damages according to proof;

4       (f)      For damages for fraud according to proof; and

5       (g)      For such other and further relief as the Court may deem just and proper, including

6 costs and prejudgment interest.

7 Dated: October 4, 2005             BRAYTON❖PURCELL LLP

8                       /s/ David R. Donadio

9                 By: _____

10                      David R. Donadio
                      Attorneys for Plaintiff

11 JURY DEMAND

12       Plaintiffs hereby demand trial by jury of all issues of this cause.

13 Dated: October 4, 2005             BRAYTON❖PURCELL LLP

14                       /s/ David R. Donadio

15                 By: _____

16                      David R. Donadio
                      Attorneys for Plaintiff

17 CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

18       Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed

19 persons, associations of persons, firms, partnerships, corporations (including parent

20 corporations) or other entities (i) have a financial interest in the subject matter in controversy or

21 in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a

22 party that could be substantially affected by the outcome of this proceeding:

23       Children of Randall Kash            Daniel Kash
                                   Michalea Kash

24

25 Dated: October 4, 2005             BRAYTON❖PURCELL LLP

                      /s/ David R. Donadio

26

27                 By: _____
                      David R. Donadio
                      Attorneys for Plaintiff

28